UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAN WEN PAN,

        Plaintiff,

vs.

Case No. 07-CV-14542

HON. GEORGE CARAM STEEH

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
and JACK Y. LIN, Field Office
Director, United States Citizenship
and Immigration Services' Detroit
District Office,
        Defendants.

_____/

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Yan Wen Pan, a citizen and native of the Peoples Republic of China, seeks review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq, of the United States Citizenship and Immigration Service's ("USCIS") denial of her application to adjust status. Pan's application for permanent resident status, based on her status as a minor child of her mother, a K-1 visa holder, was denied on the basis that she was over 21-years of age before the application was adjudicated, although she was under 21 at the time her application was filed. Pan filed a motion for summary judgment on the basis that her age should be considered as of the time her application for permanent residence was filed, not when it was adjudicated. The USCIS and Lin filed a response which included a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, a motion for summary judgment. Oral argument was

heard on November 4, 2008.  For the reasons set forth below, defendants' motion to dismiss shall be granted and the case will be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The facts of this case are not disputed.  Yan Wen Pan's mother, Xiu Ying Wei, a citizen of China, was engaged to an American by the name of Chester Limbright.  On May 3, 2004, his petition to classify Xiu Ying Wei as a fiancee of a United States citizen was approved by the USCIS.  On January 26, 2005, Xiu Ying Wei was issued a K-1 (fiancee) nonimmigrant visa.  On January 30, 2005, Xiu Ying Wei, was admitted to the United States.   The two married on April 16, 2005, 76 days after her admission into the United States.  On July 6, 2005, Yan Wen Pan was admitted to the United States on a K-2 nonimmigrant visa, at the age of 19, as the child of a K-1 visa holder.  On May 24, 2006, she filed a Form I-485 application to adjust status, with the USCIS's National Benefits Center (NBC) in Lee's Summit, Missouri.  On the same date, her mother also filed a Form I-485 application to adjust status.  On October 13, 2006, her mother's status in the United States was adjusted to that of lawful permanent resident.

With regard to plaintiff's application, the USCIS issued a Request for Additional Evidence (RFE) on June 27, 2006.  Plaintiff responded to the RFE.  On October 11, 2006, the NBC mailed an interview appointment notice to plaintiff advising her that her interview on her application to adjust status would take place on December 7, 2006.  On October 23, 2006, the notice was returned to NBC, marked "Returned to Sender, Attempted, Not Known."  On October 25, 2006, plaintiff notified the USCIS of her change of address.  The USCIS prepared a new notice of the interview but cannot

confirm that the notice was ever actually sent to plaintiff. She did not appear for an interview at the scheduled time on December 7, 2006. On July 3, 2007, her application was denied because she had turned 21 on April 20, 2007 and so no longer qualified as a "child," as defined by the INA, of a K-1 visa holder. The letter informed plaintiff that she had 60 days to depart the United States or be subject to removal (i.e. deportation) proceedings.

On October 18, 2007, her mother filed a Petition for Alien Relative, Form I-130, to have her classified as the unmarried daughter of a permanent resident under 8 U.S.C. § 1153(a)(2)(B), in order to obtain a preference visa. On the same date, plaintiff filed this lawsuit seeking judicial review of the denial of her application to adjust status as the child of a K-1 visa holder.

On December 12, 2007, Immigration and Customs Enforcement (ICE) served plaintiff with a Notice to Appear, charging her with being subject to deportation on the basis that she remained in this country longer than the time allowed under her nonimmigrant visa. On April 4, 2008, however, the USCIS told plaintiff that it was granting her a two-year deferral of removal proceedings and informing her that she could apply for employment authorization. Pan now seeks an order setting aside the denial of her application for permanent resident status and an order that the USCIS approve her application to adjust status to that of permanent resident.

## STANDARD OF LAW

In their motion to dismiss, defendants originally moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants have made a facial attack on this Court's subject matter jurisdiction, so in reviewing

such an attack, this Court takes the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party.  <u>United States v. A.D. Roe Co., Inc.</u>, 186 F.3d 717, 721-22 (6th Cir. 1999);  <u>RMI Titanium Co. v. Westinghouse Elec. Corp.</u>, 78 F.3d 1125, 1134-35 (6th Cir. 1996); <u>Ohio Nat'l Life Ins. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990).  Although the government argued that subject matter jurisdiction is lacking in its motion to dismiss, in its reply brief, it has abandoned that argument and now agrees with Pan that subject matter jurisdiction does exist.  Because the parties cannot consent to jurisdiction, the first inquiry must be whether or not the Court, in fact, does have jurisdiction.  <u>Kelly v. Great Seneca Fin. Corp.</u>, 447 F.3d 944, 947 (6th Cir.), <u>cert. denied</u>, 549 U.S. 1078 (2006).

ANALYSIS

This case presents virtually the identical situation presented in <u>Wang v. United States Citizenship and Immigration Serv.</u>, No. 07-CV-12497, 2007 WL 3244713 (E.D. Mich. Nov. 1, 2007) (Steeh, J.) which this Court recently decided.  In <u>Wang</u>, petitioner was denied her application to adjust status on the basis that she was the unmarried daughter of a United States permanent resident.  <u>Id.</u> at *1.  The USCIS denied her application because although she had been admitted to the United States under a K-1 visa as a nonimmigrant fiancee of a United States citizen, she failed to marry her fiancee within 90 days of entry.  <u>Id.</u>  This Court ruled that subject matter jurisdiction was lacking because petitioner retained the express right to renew the application in removal proceedings under 8 C.F.R § 245.2(a)(5)(ii), and 8 U.S.C. § 1252(g) of the Illegal Immigration Reform and Immigration Responsibility Act expressly denied the district court jurisdiction to hear any claim arising from the decision or action of the Attorney

4

General to "commence proceedings, adjudicate cases, or execute removal orders." Id. at *2 (collecting cases). This Court ruled that the jurisdictional bar of § 1252(g) applied even where removal proceedings had not been initiated. Id. at *3.[1] Under this Court's holding and rationale in Wang, subject matter jurisdiction is lacking here.

The Second, Fifth and Tenth Circuits have held that federal district courts lack jurisdiction to review a USCIS District Director's denial of an adjustment of status under 8 U.S.C. § 1255(a). Cardoso v. Reno, 216 F.3d 512 (5th Cir. 2000), McBrearty v. Perryman, 212 F.3d 985 (7th Cir. 2000); Howell v. INS, 72 F.3d 288 (2d Cir. 1995). The reasoning behind these decisions is that an alien denied an adjustment of status by the USCIS enjoys the express right to renew the application in removal proceedings. Howell involved a case where deportation proceedings were underway. In Cardoso, deportation proceedings were not ongoing, but the Fifth Circuit explained that although the appellant could not directly appeal the immigration judge's denial of her request for adjustment of status, she may "renew her request upon the commencement of removal proceedings." 216 F.3d at 518. Similarly, in McBrearty, the Seventh Circuit found that the lawsuit seeking judicial review of the refusal by the district director of the

---

[1] 8 U.S.C. § 1252(g) provides:

(g) Exclusive jurisdiction

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

5

immigration service to adjust their status to that of lawful permanent residents was premature since they could "obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them." 212 F.3d at 987.

In Howell v. I.N.S., 72 F.3d 288, 291 (2nd Cir. 1995), the Second Circuit addressed the question of whether the district court had subject matter jurisdiction to review the district director's denial of her application for adjustment of status. In that case, the Immigration & Naturalization Service ("INS"), now the USCIS, argued that plaintiff had failed to exhaust her administrative remedies and therefore, the district court could not review the district director's decision. Id. at 292. The Second Circuit noted that the case law was somewhat divided on the issue of whether the district court had subject matter jurisdiction over denial of adjustment of status applications. Id. (collecting cases). The Second Circuit ruled that the district court lacked jurisdiction to review the district director's denial of plaintiff's application for adjustment of status once deportation proceedings began, because she failed to exhaust her administrative remedies. Id. at 293. The Court of Appeals hinged its decision on the fact that deportation proceedings had commenced, because those proceedings afforded the plaintiff the opportunity to renew her application for adjustment of status before an immigration judge. Id. In a footnote, the Second Circuit noted that "[s]ince deportation proceedings have commenced in this case, we do not reach the question of whether a district court possesses subject matter jurisdiction pursuant to § 1329 to review a district director's denial of adjustment of status when such proceedings have not yet commenced." Id. at 293 n.5.

In Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000), the Fifth Circuit ruled that district courts lack jurisdiction over denial of adjustment of status applications even where removal proceedings were not underway. The Court of Appeals explained that there is no direct appeal from an adjustment of status denial, only the opportunity to reapply for adjustment of status as part of a deportation proceeding. Id. In Cardoso, three aliens sought to compel the Attorney General to adjust their immigration status, permit them to remain in the United States and provide them with work authorization. Id. at 573. The Fifth Circuit held that it lacked subject matter jurisdiction as to all three aliens as the district court properly held that the effect of 8 U.S.C. § 1252(g) is "to completely remove from all courts, jurisdiction or the ability to hear any claim arising out of the Attorney General's decision or action to commence proceedings, adjudicate immigration cases, or execute removal orders, except to the extent that judicial review of that decision is provided for in . . . 8 U.S.C. § 1252." Id. at 515 (quoting the district court).

Two of the aliens in Cardoso were subject to removal orders; thus, the Court of Appeals held that § 1252(g) barred courts from exercising jurisdiction. Id. at 517. The third alien in Cardoso was markedly similar in situation to Pan in this lawsuit. That alien, Aurora Moran, sought to be adjusted to permanent resident status because she was the child of an alien lawfully admitted for permanent residence. Id. at 514. She was under twenty-one years of age when she filed her application and when a visa became available, but by the time the INS adjudicated her application she was no longer under twenty-one so the INS denied her adjustment of status on the grounds that she was no longer an eligible child. Id. at 514.

7

Although Aurora Moran claimed to fear deportation, no removal proceedings against her had commenced. Id. at 517. Nevertheless, the Court of Appeals held that the courts lacked jurisdiction because she had not exhausted her administrative remedies because she could still renew her application to adjust status upon the commencement of removal proceedings. Id. (collecting cases holding no jurisdiction exists where plaintiffs had not exhausted their administrative remedies even though deportation proceedings had not commenced). The Fifth Circuit explained that exhaustion of administrative remedies is required under 8 U.S.C. § 1252 (d) which provides:

> **§ 1252 Judicial Review of Orders of Removal**
>
> (d) Review of final orders
>
> A court may review a final order of removal only if
>
> (1) the alien has exhausted all administrative remedies available to the alien as of right, and
>
> (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1252(d). The same situation applies here as was presented by the third alien in Cardoso. Although Pan is not in the midst of removal proceedings as of yet, when and if such proceedings begin, she is free to renew her request for adjustment of status. Thus, she has not exhausted her administrative remedies and jurisdiction is lacking.

In a similar case, CDI Info. Serv., Inc. v. Reno, 278 F.3d 616 (6th Cir. 2002), the

Sixth Circuit held that 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)(ii) combined to preclude the district court from exercising subject matter jurisdiction over an action filed by an employer challenging the Attorney General's discretionary denial of a petition for the extension of an HI-B nonimmigrant visa. Id. at 620. In that case, the petitioner's request for a visa extension fell within the discretion of the Service because the regulation governing visa extensions specifically provides, "[w]here an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service." 8 C.F.R. § 214.1(c)(5). The Sixth Circuit held that § 1252(a)(2)(B)(ii) was not limited to discretionary decisions made in the context of removal decisions, but prohibited judicial review of all discretionary decisions. 278 F.3d at 620. In this case, Pan argues that jurisdiction lies because she seeks review of the Service's legal conclusion, which was not discretionary. Petitioner in Wang made the same argument and this Court rejected it.

In McBrearty v. Perryman, 212 F.3d 985 (7th Cir. 2000), Judge Posner summarily ruled that subject matter jurisdiction was lacking over plaintiffs' claims that they were erroneously denied adjustment of status to that of lawful permanent residents under 8 U.S.C. § 1255. Id. at 986. Judge Posner ruled that jurisdiction was lacking as plaintiffs had failed to exhaust their administrative remedies since they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the Immigration Services institutes removal proceedings against them. Id. at 987. The same reasoning applies here. But see Pinho v. Gonzales, 432 F.3d 193, 202-03 (3rd Cir. 2005) (ruling that the district court had subject matter jurisdiction even where no deportation proceedings were underway under the APA, because the agency decision

9

was final, it adversely affected the party seeking review, and it was nondiscretionary and the decision of whether or not to institute removal proceedings was entirely within the discretion of the agency).

Plaintiff seeks to rely on the Sixth Circuit's holding in Billeke-Tolosa v. Ashcroft, 385 F.3d 708 (6th Cir. 2004) for the proposition that this Court has subject matter jurisdiction. That case is inapposite. In Billeke-Tolosa, an alien appealed from the denial by the Board of Immigration Appeals (BIA) of his petition for adjustment of status. Id. at 710. The BIA affirmed the decision of the immigration judge who issued an order of removal. Id. at 709. The issue in Billeke-Tolosa was whether the Court of Appeals had the authority to review the allegedly discretionary decision of the BIA. Id. at 710. The Court considered whether the immigration judge erred in considering unproven allegations of sexual misconduct against minors that did not result in convictions in denying the alien's request for adjustment of status. Id. at 710. The Court ruled that although it would lack jurisdiction over purely discretionary decisions to grant or deny adjustment of status, that prohibition would not extend to non-discretionary decisions upon which discretionary decisions are premised. Id. at 711. Appellant argued that the immigration judge made a legal error in the course of exercising his discretion. Id. The Sixth Circuit ruled that it had jurisdiction to determine if the BIA and the immigration judge made a legal error in denying the appellant's request to adjust status; in other words, the Court of Appeals could review the BIA decision to see if the BIA had ignored its own precedent. Id. at 712.

Under this rationale, plaintiff here argues that the decision of the USCIS to deny her application to adjust her status on the basis that she was no longer a child is a

question of law, not a discretionary decision, and thus, this Court has subject matter jurisdiction. Pan's argument is inapplicable to the facts presented here. Unlike Billeke-Tolosa, no removal proceedings in this case have begun, there has been no decision by an immigration judge, and thus, no review by the BIA. It is important to note that there was no district court decision under review in Billeke-Tolosa, the case made its way directly to the Sixth Circuit following the decision of the immigration judge and its appeal to the BIA. While plaintiff may be correct that the question of whether or not she qualified to adjust status may involve a non-discretionary decision, there has been no final agency decision here as there was in Billeke-Tolosa. See Cardoso, 216 F.3d at 518 (collecting cases holding that plaintiffs had failed to exhaust remedies on adjustment of status claims when no removal proceedings had begun).

Similarly, Pan's reliance on Judge Rosen's unpublished opinion in Nnaji v. Moscowitz, No. 04-74757, 2005 WL 2372815 (E.D. Mich. Sept. 26, 2005) is misplaced. Nnaji involved an alien who was subject to deportation proceedings, had his application heard by an immigration judge and an appeal heard by the BIA. Id. at * 1. Petitioner then filed a habeas petition seeking to stay his removal. Id.

In this case, Pan argues, and the government appears now to agree, that the Service's decision to deny her application to adjust status on the basis that she was the child of a K-1 visa holder at the time of her application is strictly a legal question, not a discretionary decision for which jurisdiction is barred under § 1252(a)(2)(B)(ii) and § 1252(g). The same could be said of Wang. In Wang, the petitioner made the same argument petitioner makes here: that the bar on judicial review of the denial of discretionary relief found in 8 U.S.C. § 1252(a)(2)(B)(I) did not apply because plaintiff

sought review of an alleged error of law, not an exercise of discretion. This Court rejected that argument in Wang and held that subject matter jurisdiction was lacking because petitioner could have the matter reviewed during removal proceedings. 2007 WL 3244713, *3. Whether plaintiff is entitled to relief from removal is appropriately addressed in the context of removal proceedings by an immigration judge experienced in immigration law. 8 C.F.R. § 245.2(a)(5)(ii) allows for de novo review of plaintiff's application to adjust status. Plaintiff may not obtain judicial review of the denial of her application to adjust status outside of the removal process. See Cardoso, 216 F.3d at 518, Chan v. Reno, 916 F. Supp. 1289, 1299 (S.D.N.Y. 1996) (exhaustion of administrative remedies required even where no removal proceedings have begun because once an alien is selected for removal, she has three levels of review: first, a de novo review by an immigration judge, second, an appeal to the BIA, and finally, an appeal to the Circuit Court of Appeals).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss hereby is GRANTED (Doc. 15) based on the lack of subject matter jurisdiction. The parties' cross-motions for summary judgment (Doc. 13 and 15) on the merits are hereby DENIED AS MOOT. Pan's claims are hereby DISMISSED without prejudice.

Dated: February 11, 2009

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 11, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk